UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.J. REYNOLDS TOBACCO COMPANY, et al., <br>   Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES, et al., <br>   Defendants. | CV 20-4880 DSF (KSx) <br><br> Order GRANTING Defendants' Motion to Dismiss (Dkt. 33) and DENYING Plaintiffs' Motion for Summary Judgment as Moot (Dkt. 32) |

Defendants move to dismiss the complaint in its entirety. Dkt. 33 (Mot.). Plaintiffs oppose, Dkt. 37 (Opp'n), and move for summary judgment, Dkt. 32-1 (MSJ). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, Defendants' motion to dismiss is GRANTED and Plaintiffs' motion for summary judgment is DENIED as moot.

## I. BACKGROUND

Los Angeles County Code Section 11.35 (the Ordinance) regulates the sale of tobacco. Amendments to the Ordinance were passed at the September 24, 2019 County Board of Supervisors meeting and became effective on May 1, 2020. See Dkt. 1 (Compl.) ¶¶ 22, 28. The Ordinance prohibits tobacco retailers from "sell[ing] or offer[ing] for sale, or . . . possess[ing] with the intent to sell or offer for sale, any flavored tobacco product or any component, part, or accessory intended to impart, or imparting a characterizing flavor in any form, to any tobacco product or nicotine delivery device, including electronic

smoking devices." Id. § 11.35.070(E). A "Flavored Tobacco Product" is defined as "any tobacco product . . . which imparts a characterizing flavor." Id. § 11.35.020(J). A "tobacco product" is "[a]ny product containing, made, or derived from tobacco or nicotine," including cigarettes, and "[a]ny electronic smoking device that delivers nicotine or other substances," including e-cigarettes and vaping devices. Id. § 11.35.020(U)(1)-(2). A "characterizing flavor" is defined as:

> a taste or aroma, other than the taste or aroma of tobacco, imparted either prior to or during consumption of a tobacco product or any byproduct produced by the tobacco product, including, but not limited to, tastes or aromas relating to menthol, mint, wintergreen, fruit, chocolate, vanilla, honey, candy, cocoa, dessert, alcoholic beverage, herb, or spice. Characterizing flavor includes flavor in any form, mixed with or otherwise added to any tobacco product or nicotine delivery device, including electronic smoking devices.

Id. § 11.35.020(C).

## II. LEGAL STANDARD

"Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. There must be "sufficient allegations of underlying facts to give

fair notice and to enable the opposing party to defend itself effectively . . . and factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III. DISCUSSION

### A. Express Preemption (Count I)

Plaintiffs allege that the Family Smoking Prevention and Tobacco Control Act (the FSPTCA), 21 U.S.C. §§ 387-387u, expressly preempts the Ordinance because it "is 'different from, or in addition to,' the requirements of federal law" "relating to federal 'tobacco product standards.'" Compl. ¶ 38. As set forth in the Court's Order denying Plaintiffs' motion for a preliminary injunction, Dkt. 35 (PI Order), preemption under the FSPTCA is governed by a Preemption Clause, a Preservation Clause, and a Savings Clause:

- Preemption Clause. "[W]ith respect to a tobacco product," the FSPTCA preempts, "any requirement which is different from, or in addition to, any requirement under the provisions of this

3

    subchapter relating to tobacco product standards, premarket review, adulteration, misbranding, labeling, registration, good manufacturing standards, or modified risk tobacco products." 21 U.S.C. § 387p(a)(2)(A).

- <u>Preservation Clause.</u> "Except as provided in [the Preemption Clause]," the FSPTCA does not limit the County's authority to enact requirements "relating to or prohibiting the sale, distribution, possession, exposure to, access to, advertising and promotion of, or use of tobacco products by individuals of any age, information reporting to the State, or measures relating to fire safety standards for tobacco products." 21 U.S.C. § 387p(a)(1).

- <u>Savings Clause.</u> The Preemption Clause "does not apply to requirements relating to the sale, distribution, possession, information reporting to the State, exposure to, access to, the advertising and promotion of, or use of, tobacco products by individuals of any age, or relating to fire safety standards for tobacco products." 21 U.S.C. § 387p(a)(2)(B).

For the reasons stated in the PI Order, <u>id.</u> at 3-12, the Court concludes that the Ordinance is not expressly preempted by the FSPTCA because it does not regulate tobacco product standards and therefore is protected by the Preservation Clause, which permits states and localities to prohibit the sale of tobacco products even if those sales bans are stricter than federal law. Because this is a question of statutory interpretation only, the Court concludes that "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber</u>, 806 F.2d at 1401. Therefore, Count I is DISMISSED with prejudice.

### B. Implied Preemption (Count II)

Plaintiffs allege that the Ordinance is also impliedly preempted because it "undermines the [FSPTCA's] ability to set . . . national standards" for "controlling the manufacture of tobacco products and the . . . amount of ingredients used in such products," Compl. ¶¶ 42-43 (third alteration in original), and because it "directly conflicts with the

4

federal government's ongoing and active efforts to address flavors in tobacco products," id. ¶ 46. For the reasons stated in the PI Order, id. at 12-14, the Court concludes the Ordinance is not impliedly preempted by the FSPTCA because the FSPTCA expressly gives state and local governments the power to prohibit the sale of tobacco products. That is so even if those sales bans are stricter than the federal ban, so long as the regulation does not set a tobacco product standard. The Court concludes the Ordinance does not. Because this is a question of statutory interpretation only, the Court concludes that "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber, 806 F.2d at 1401. Therefore, Count II is DISMISSED with prejudice.

## IV. CONCLUSION

Defendants' motion to dismiss is GRANTED. The Complaint is DISMISSED with prejudice. Plaintiffs' motion for summary judgment is DENIED as moot.

IT IS SO ORDERED.

Date: August 7, 2020

Dale S. Fischer
United States District Judge